# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SALVADOR RAMOS, JR., as Personal
Representative of the Estate of MARIA
TERESA RAMOS, et al.,

    Plaintiffs,

    v.                                                  CIV. NO. 10-198 JP/ACT

COOPER TIRE AND RUBBER
COMPANY, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Cooper Tire & Rubber Company's Motion to Compel filed October 1, 2010 [Doc. 80]. Plaintiff filed a Response on October 6, 2010, [Doc. 84] and Cooper Tire and Rubber Company ("Cooper") filed a reply on November 3, 2010 [Doc. 113]. Upon review of the pleadings and the pertinent law, the Court finds that Cooper's Motion is well taken in part and will be granted in part.[1]

This lawsuit alleges wrongful death and personal injuries arising out of a vehicular accident. Plaintiffs allege that they were passengers in a 2000 Ford F-150 when the tread separated on the left rear tire and then the car overturned. They further allege that the left rear tire on the Ford F-150 was a Futura Adventurer H/T 2005, designed and manufactured by Cooper, and marketed and distributed into commerce in the State of New Mexico by Defendant Pep Boys.

---

[1]The Court is very disappointed with the parties' briefing in this matter. The parties cite to dated state cases that simply are not helpful. If there are no Tenth Circuit cases in support of their position, the parties should research other federal circuit and district court decisions. In addition, the most helpful case to the Court was not cited to by the parties, *Hajek v. Kumho Tire Co., Inc.*, 2009 WL 2229902 (D. Neb. 2009). This case involves a testing of a tire by Cooper's retained expert in this matter, Joseph Grant. It appears to the Court that the parties need to update their research on this issue and not rely on their research in previous cases.

**Tire**.

Cooper is seeking an order permitting them a private, custodial, non-destructive examination of the allegedly defective tire and rim and the companion tires and rims that were on the vehicle at the time of the accident as well as the spare ("tires"). Cooper wants to perform a forensic examination of the tires at its laboratory located in Findlay, Ohio, and at its retained expert's location in North Carolina. It is the Court's understanding that the allegedly defective tire is in Houston and the companion tires and vehicle are in Farmington, Arkansas.

In his affidavit, Cooper's retained expert, Joseph L. Grant ("Grant") states the following:

> In order to properly conduct the forensic examination of a tire, I require a sufficient location with proper lighting and equipment. The equipment that I require includes machinery for separation of the tires from their accompanying wheels, machinery to test punctures and valves for air leakage, machinery and tools to spread the tires for inspection of the inner lines, controllable lighting to allow for photography, the access to x-ray and shearography equipment, and various other hand tools and or instruments that may assist in my inspection of tires....My analysis would include visual and tactile examination of the Subject Tire, the possibility of taking x-rays of the Subject Tire, as well as the possibility for conducting a shearography of the Subject Tire.

[Doc. 80, Exh. I.]. He further states that he needs to inspect all tires and rims to address the issues in this lawsuit. *Id.*

The Plaintiffs fear that Cooper will lose or damage the tires and especially the allegedly defective tire which is the primary evidence in support of their case. Thus, they want to "monitor the condition of this evidence during the inspection so as to foreclose any change or alteration during inspection process." [Doc. 84 at 2.] In support of their position Plaintiffs assert that Cooper's expert, Grant, lost a tread piece of a tire in evidence in the "Toe" case. The only evidence regarding this loss is Grant's affidavit in which he denies such responsibility. [Doc. 80, Exh. I.] He specifically states:

> I inspected the Subject Tire on two occasions. During both of those inspections, I followed the procedures described in paragraph 10...Any and [sic] evidence sent to me on both of these occasions was returned. During this time there was no complaint that any tread piece was missing....It was shortly after the commencement of the *Toe* trial when plaintiffs' counsel first alleged that I had "lost a tread piece." The plaintiffs and their own expert were the last to have the artifacts and had them for an extended period of time before the *Toe* trial started....To my knowledge, no spoliation motion was filed, and no formal blame for the loss was ever assigned.

*Id.*

Plaintiffs also reference four cases in which tire evidence was allegedly mishandled. These cases do not involve Cooper but rather Firestone, Hankook and Michelin tires.

Cooper argues in its Reply that the presence of Plaintiffs' representative(s) would violate the consulting expert privilege and the work product doctrine.

### *Legal Analysis.*

Pursuant to Federal Rule of Civil Procedure 34, a party may serve a request to permit the inspection and testing of tangible things in the responding party's custody. The issue before the Court is whether Cooper can inspect and test the tires outside the presence of Plaintiffs' representative(s). The Court answers in the affirmative for the following reasons. All parties are entitled to perform testing and inspection. *Hajek v. Kumho Tire Co., Inc.*, 2009 WL 2229902, *4 (D. Neb. 2009) ("The plaintiffs may own the tires and rims at issue, but upon filing this lawsuit, the tires and rims became pivotal evidence upon which all parties are equally entitled to perform testing and inspection.").

According to Rule 26(b)(4)(B), "ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specifically employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed.R.Civ.P. 26(b)(4)(B). At this time there is no deadline for the parties to designate their expert(s). Neither Grant, nor any in-house experts who Cooper may want

to look at the tires have yet been identified as testifying experts. Thus, to permit the presence of Plaintiffs' representative(s) at the testing and inspection by Grant would violate Rule 26(b)(4)(B).

In addition, if Cooper's in-house experts or Grant are designated as testifying expert witnesses, the presence of Plaintiffs' representative(s) would violate the work product doctrine. *Hajek*, 2007 WL 2229902 at *5 citing *Diepenhorst v. City of Battle Creek*, 2006 WL 1851243, 1 (W.D. Mich. 2006) where the court explained:

> In general, each party should be free to engage in its own trial preparation unhampered by the intrusive supervision of the opposing party. In cases such as this, where purely nondestructive testing in proposed, the court generally allows the examiner to perform his or her work without being scrutinized by the opposing expert....Certainly, the particular circumstances of a case may dictate a different result. For example, ...when a party proposes destructive testing or there is controversy concerning the nature of the test, it sometimes becomes necessary to for the experts to collaborate. In the absence of such circumstances, however, the balance of hardships usually tips in favor of allowing the examiner to work in peace."

The Court agrees with this analysis. Therefore the Court will order the inspection and testing of the tires and rims be done under the following conditions:

1. Plaintiffs will ship by commercial carrier the tires to Cooper's offices in Findley, Ohio.

2. Cooper will inform Plaintiffs when the tires are shipped by commercial carrier to Cooper's expert in North Carolina.

3. Cooper will ship by commercial carrier the tires to Plaintiffs' choice of destination, Houston or Arkansas after the examination and testing is completed.

4. The opening and closing of the container(s) will be photographed and videotaped, as will all examinations, inspections and testing conducted by Cooper's in house experts or Grant.

5. Counsel for Cooper will verify that the photographing and videotaping was conducted and maintain custody of all photographs and videotaping in safekeeping in the event an issue arises concerning alleged spoilation.

6. Plaintiffs' representative(s) are not permitted to be present during the testing and inspection of the tires.

7. The condition of the tires and rims will not be altered and no destructive testing will be performed by the parties.

**Responses to Interrogatories**.

Cooper is also seeking an order of the Court compelling Plaintiffs to respond to four interrogatories. Plaintiffs did not respond to this part of the Motion. Thus, Plaintiffs' have consented to the request and waived any argument by not responding. D.N.M.LR-Civ.7.1(b) (Though Plaintiffs filed a response to the motion, it failed to respond to the portion of Cooper's motion seeking to compel responses to interrogatories).

Cooper's Interrogatory No. 14 to Teresa Ramos asks the Plaintiffs to identify all current or former employees of Cooper who have been interviewed by or on behalf of the Plaintiffs. In her response, Plaintiffs object on grounds that Cooper has served a request for production and then asserts the "core work product privilege." [Doc. 80, Exh. K.] This is not a request for production but rather an interrogatory. Moreover, the Court finds that the work product doctrine does not apply. Cooper is seeking the identity of individuals who may have knowledge of relevant facts. This is permissible. Fed.R.Civ.P. 26(a)(1)(A)(I); *E.E.O.C. v. Jewel Food Stores, Inc*., 231 F.R.D. 343, 346 (N.D. Ill 2005). Plaintiff Teresa Ramos is to answer this Interrogatory.

Cooper's Interrogatory No. 6 to Salvador Ramos, Jr., as personal representative the Estate of Salvador Ramos Sr., requests the miles of all the tires and whether the alleged defective tire suffered any punctures, impacts, etc. Plaintiffs objected on the grounds that this interrogatory seeks expert testimony. [Doc. 80, Exh. L.]. This interrogatory does not seek expert testimony. It seeks only factual information on the mileage and service history of the tires. Plaintiff Salvador Ramos, Jr., is to answer this Interrogatory.

<u>Cooper's Interrogatories Nos. 19 and 23 to Salvador Ramos Jr., as personal representative of the Estate of Maria Teresa Ramos</u>. Interrogatory No. 19 seeks the date on which Plaintiffs first sought legal advice related to this accident.  Plaintiffs asserted the attorney-client privilege.  *Id* at. Exh. M.  This fact is not protected under the attorney-client privilege and the Court will compel Plaintiffs to respond. *Pharmerica Long-Term Care, Inc., Infinia Healthcare Companies*, LLC, 2010 WL 3064395 (D. Utah 2010) ("The purpose behind the attorney-client privilege is to preserve *confidential communications* between attorney and client." (Citation omitted) "Typically, the attorney-client privilege does not extend to billing records....").   Asking for the date on which Plaintiffs first sought legal advice is akin to the type of information found on billing records. Plaintiff Salvador Ramos, Jr., is to answer this Interrogatory.

<u>Interrogatory No. 23</u> asks for any representations from Cooper upon which Plaintiffs relied. Plaintiffs object on the basis of work product, stating the information is in Cooper's own documents. The Court will deny Cooper's Motion to compel a response to Interrogatory No. 23.  The Court finds this Interrogatory vague and overly broad.

**IT IS THEREFORE ORDERED** that Defendant Cooper Tire & Rubber Company's Motion to Compel is granted in part and denied in part.

**IT IS FURTHER ORDERED** that the inspection of the tires and rims will proceed as outlined above as soon as possible.

**FINALLY IT IS ORDERED** that Plaintiffs will fully respond to Cooper's Interrogatory No. 14 to Teresa Ramos, and Cooper's Interrogatory No. 6 to Salvador Ramos Jr., as personal representative of the Estate of Salvador Ramos Sr., and Cooper's Interrogatory No. 19 to Salvador

Ramos, Jr., as personal representative of the Estate of Maria Teresa Ramos within fifteen (15) days of entry of this Order.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**